EMMELINA of Poloa, Plaintiff

v.

ANEKI of Taputimu, Defendant

No. 11-1949

High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Tuuu" and "Ataita" in Taputimu]

April 7, 1949

444

A. A. MORROW, *Chief Justice;* MALEPEAI, *District Judge;* and APE, *District Judge.*

DECISION

Heard at Fagatogo April 1, 1949.
Puaatuua for Emmelina; Aneki *pro se.*

■■■■■■■■■■■■■■■■■■■■

MORROW, *Chief Justice.*

This is an action to determine the ownership of the lands Tuuu and Ataita in Taputimu. During the proceedings both parties requested that the lands be partitioned.

As a result of the proceedings in the case of *Me of Taputimu v. Aneki and Sinatau,* No. 12-1945 (Am. Samoa) the above named pieces of land were registered in the names of Aneki and Sinatou. It was agreed by the parties to that litigation that the land should be so registered. Some two years later Sinatou died. She was survived by her then husband Aneki and three children by a former marriage, viz. a daughter, Emmelina, the petitioner, and two sons, Taio and Toalua. Sinatou had no children by Aneki.

■■■ By registration of the lands Aneki and Sinatou became tenants in common thereof, and not joint tenants. In the case of *Joseph Willis v. Robert Willis et al.,* No. 49-1947 (Am. Samoa) this court said:

"At the common law if two or more persons disseised another for their own use, the disseisors were joint tenants. I Tiffany on Real Property (2nd Ed.) p. 635; Littleton, Sec. 278; Co. Littleton 181a. Subject to certain limitations not here applicable 'so much of the common law of England as is suitable to conditions in American

445

Samoa' is a part of the law of this U.S. possession. Sec. 1, A. S. Code. We do not believe that the doctrine of joint tenancy with the attendant rights of survivorship as exists among joint tenants is suitable to conditions in American Samoa."

We then held that joint disseisors became tenants in common and not joint tenants.

Common law judges, though not perhaps at first, favored joint tenancy with its right of survivorship. This was the result of a desire to lessen the feudal burdens of the tenants.

"With practical abolition of tenures, however, the reason for such policy ceased, and thereafter courts of equity, regarding the right of survivorship as productive of injustice, in making no provision for posterity, showed a disposition to lay hold of any indication of interest in order to construe an instrument as creating a tenancy in common, and not a joint tenancy. The same position has been taken by the courts generally in this country." 2 Tiffany on Real Property (3rd Ed.) Sec. 421.

Legislatures have greatly restricted the cases in which joint tenancies arise.

"In pursuance of the same policy as that of the courts in hostility to joint tenancy, it has been provided by statute in many States that a conveyance or devise to two or more persons shall create a tenancy in common and not a joint tenancy unless a contrary intent is plainly apparent, or, in some states, is expressly declared. In some states, the legislature has entirely abolished joint tenancy, making what would have been a joint tenancy at common law a tenancy in common. As has been seen heretofore, in some jurisdictions the doctrine of survivorship has been abolished by statute." Id., Sec. 424.

The system of feudal land tenures existing in England and out of which the doctrine of joint tenancy with the attendant right of survivorship grew never existed in American Samoa. Clearly that doctrine with its consequent injustice to the heirs of a deceased joint tenant is not suitable to conditions here as we held in the Willis case, supra.

446

■■■ Holding as we do that Aneki and Sinatou were tenants in common of the lands, it would follow that each had an undivided half interest therein. Since Sinatou was the wife of Aneki when she died, Aneki has dower in her undivided half, or one third in fee simple of her share. Sec. 959, A. S. Code. Sinatou died without a written will. A written will is necessary to devise land. Sec. 956, A. S. Code. It follows, therefore, that Aneki has an undivided two thirds interest in the property while Sinatou's three children, Emmelina, Taio and Toalua have the other third.

■■■ Inasmuch as the litigants requested partition of the property, the court viewed it in their presence on the day following the hearing.

The court after due consideration finds that an equitable and just partition and allotment of the property is as follows:

1. To Emmelina, Taio and Toalua, the land Tuuu; also a five sided piece out of the north corner of the land Ataita, such five sided piece being described as follows:

Beginning at the most northerly corner of the land Ataita (as shown on the registration of such land in Volume I, Register of Native Titles at p. 414 and which corner is also the northern end of the boundary marked S 54°12′ W, 196.5′ between Ataita and Tuuu) thence S 54°12′ W, a distance of 87.5 feet; thence S 35°58′ E, a distance of 105.5 ft.; thence N 54°12′ E, a distance of 56 ft. to the intersection of this boundary and the boundary of Ataita marked N 35°37′ W, 51.9′ in the above registration thereof in Volume I, Register of Native Titles at p. 414; thence N 35°37′ W, a distance of 35.2 ft.; thence N 12°05′ W, a distance of 77.4 ft. to the place of beginning. (This five sided piece includes the grave of Sinatou, the mother of Emmelina, Taio and Toalua and the grave of their sister adjacent to that of the mother.)

2. To Aneki the land Ataita except the above five sided piece in the northern corner thereof which is allotted to Emmelina, Taio and Toalua.

It is ORDERED, ADJUDGED and DECREED that the land Tuuu and the above five sided piece in the north-

ern corner of the land Ataita, allotted to Emmelina, Taio and Toalua shall be and the same are hereby vested in them, the said Emmelina, Taio and Toalua, as tenants in common in fee simple, and that they be let into possession thereof immediately; and that they shall hold the same absolutely free from any and all claim, interest, possession or right of possession of respondent Aneki.

And it is by the court further ORDERED, ADJUDGED and DECREED that the land Ataita, except the above five sided piece in the northern corner thereof allotted to and vested in Emmelina, Taio and Toalua shall be and the same is hereby vested in respondent Aneki in fee simple and that he shall hold the same absolutely free from any and all claim, interest, possession or right of possession of Emmelina, Taio and Toalua, or of any of them. Reference is made to the registration of the lands Tuuu and Ataita in Volume I, Register of Native Titles at p. 414 for a description of such lands.

Costs in the sum of $12.50 are hereby assessed against Aneki and a like sum against Emmelina, all costs to be paid within 30 days.